STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
LYNN E. MOORER, RESPONDENT.
684 N.W.2d 44

Filed July 30, 2004.   No. S-04-533.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

Respondent, Lynn E. Moorer, was admitted to the practice of law in the State of Nebraska on April 20, 1999, and at all times

relevant hereto was engaged in the private practice of law in Lincoln, Nebraska. On May 4, 2004, formal charges were filed against respondent. The formal charges set forth one count that included charges that the respondent violated the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violating disciplinary rule), DR 1-102(A)(6) (engaging in conduct that adversely reflects on fitness to practice law), and Canon 7, DR 7-101(A)(3) (prejudicing or damaging client during course of professional relationship), as well as her oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). On June 9, 2004, respondent filed a conditional admission under Neb. Ct. R. of Discipline 13 (rev. 2002), in which she knowingly did not challenge or contest the truth of the allegations that she violated DR 1-102(A)(1) and (6), and DR 7-101(A)(3), as well as her oath of office as an attorney, and waived all proceedings against her in connection therewith in exchange for a public reprimand. Upon due consideration, the court approves the conditional admission and orders that respondent be publicly reprimanded.

## FACTS

In summary, the formal charges allege that on June 11, 2001, respondent was employed as general counsel and director of operations for the Organic Crop Improvement Association International, Inc. (OCIA). On that same day, her employment with OCIA was terminated, and she was instructed to leave OCIA's premises. The formal charges further allege that respondent refused to leave and instead met and spoke with other OCIA employees, resulting in OCIA calling the police, who forcibly removed respondent from OCIA's premises.

## ANALYSIS

Rule 13 provides in pertinent part:

(B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member

appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to rule 13, we find that respondent knowingly does not challenge or contest the essential relevant facts outlined in the formal charges and knowingly does not challenge or contest that she violated DR 1-102(A)(1) and (6), and DR 7-101(A)(3), as well as her oath of office as an attorney. We further find that respondent waives all proceedings against her in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Based on the conditional admission of respondent, the recommendation of the Counsel for Discipline, and our independent review of the record, we find by clear and convincing evidence that respondent has violated DR 1-102(A)(1) and (6), and DR 7-101(A)(3), as well as her oath of office as an attorney, and that respondent should be and hereby is publicly reprimanded. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23(B) (rev. 2001).

JUDGMENT OF PUBLIC REPRIMAND.